UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DARIUS DURON ELAM, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-10-25 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

The petitioner, Darius Duron Elam, (#380190), seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary case in which he was found guilty. In his application, petitioner states that he lost 450 days of good time and that he is eligible for mandatory release. Respondent has filed an answer to petitioner's claims. Petitioner has filed a response. Having carefully reviewed the record, pleadings and applicable law, this court concludes that the application must be dismissed for reasons stated below.

The petitioner was found guilty in disciplinary case # 2009266781 of possessing and using a cellular telephone. After a disciplinary hearing held on June 8, 2009, punishment was assessed as follows: forty-five days loss of commissary privileges; forty-five days of recreation restriction; a reduction in time-earning class status from S-3 to L-3; and, a 450 day loss of good-time credit. Petitioner challenged the findings of the disciplinary committee by filing a Step 1 and Step 2 grievance, but his appeal was unsuccessful.

Petitioner now seeks a federal writ of habeas corpus to challenge his disciplinary conviction on the following grounds:

1.  The evidence was insufficient to establish the charged offense; and,

      2.      The "unit warden" committed "procedural error" in violation of the Due Process Clause.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. §2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolf v. McDonnell*, 418 U.S. 539, 557 (1974).  However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due Process Clause or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff*, 418 U.S. at 537; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Absent a showing that his disciplinary conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). The petitioner's claims are addressed

below in connection with the sanctions imposed in order to determine whether the punishment implicates the Due Process Clause.

In the context of disciplinary proceedings, habeas corpus procedures are appropriate when the allegations concern punishment which may ultimately affect the length of an inmate's confinement. *See Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994); *Serio v. Members of the La. State Bd. Of Pardons*, 821 F.2d 1112 (5th Cir. 1987). A temporary loss of commissary and recreation privileges does not pose an atypical or significant hardship beyond the ordinary incidents of prison life. These are merely minimal and temporary changes in conditions of confinement and do not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison,* 104 F.3d at 767-68. A claim for a reduction in time-earning class status also fails to qualify for federal habeas relief because the subsequent, possible loss of "the mere opportunity to earn good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). The possibility that a reduction in a petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.*

In order to challenge a prison disciplinary conviction by way of a federal habeas petition, a petitioner must have received a punishment sanction which included forfeiture of previously accrued good time credits *and* be eligible for mandatory supervised release. *See Malachi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In the instant case, petitioner was punished with a loss of good time credit and states in his petition that he is eligible for mandatory release. Respondent has shown in his answer, however, that petitioner is serving a life-sentence and is

not, therefore, eligible for mandatory release. Petitioner does not contest the fact that he is serving a life sentence. Rather, he argues that the automatic denial of release to mandatory release imposed by a life sentence is discriminatory and violative of the Due Process Clause. Texas courts do not agree. The Texas Court of Criminal Appeals has held that a life-sentenced inmate is not eligible for release to mandatory supervision. *Ex parte Franks*, 71 S.W. 3d 327, 327-28 (Tex.Crim.App. 2001). The court explained: "Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life-sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Id.* at 328. The Fifth Circuit has followed the *Franks* holding in a habeas challenge by a Texas prisoner serving a life sentence. In *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002), the Fifth Circuit, citing to the opinion in *Franks*, noted that "[i]t is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law," and "we defer to the state courts' interpretation" of its statute. In so noting, the Fifth Circuit ruled that a Texas state inmate serving a life sentence is not eligible for mandatory supervision and, therefore, has no constitutionally protected interest in such release. Accordingly, no cognizable federal habeas claim is raised in this petition.

For the foregoing reasons, it is the **ORDER** of this Court that habeas relief is **DENIED** and this case is **DISMISSED** with prejudice. Any and all pending motions are **DENIED** as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that

"reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325. Because petitioner has not made the necessary showing, this court will not issue a COA.

SIGNED at Houston, Texas this 22nd day of June, 2010.

_____
Kenneth M. Hoyt
United States District Judge